## VALIDITY OF A VOLUNTARY ASSESSMENT AGAINST COMMON STOCKHOLDERS.

Court of Appeals for Knox County.

Ed. Dever v. The Reeves Engineering Company.*

Decided, October 22, 1915.

*Corporations—Dividends Remitted by Preferred Stockholders—On Condition that the Common Stockholders Stand an Assessment—Action Lies to Compel Payment of the Assessment.*

An agreement entered into by all the stockholders of a corporation, whereby the holders of the preferred stock remitted all dividends accrued and unpaid and all dividends which should accrue up to a certain specified date, on condition that the holders of the common stock should stand an assessment of $40 per share, does not lack in mutuality nor is it void for want of consideration, and an action lies against a common stockholder who has failed to meet the assessment so levied.

*L. C. Stillwell* and *C. L. Bermont,* for plaintiff in error.
*Henry C. Devin* and *D. B. Grubb,* contra.

HOUCK, J.

This cause is here on error to the judgment of the common pleas court of this county. The action below is based on a written agreement entered into between the stockholders of the Reeves Engineering Company, whereby they agreed to pay certain amounts to the treasurer of said company, for the benefits to accrue to them and said company, the amount claimed to be due from the defendant below being $640. The petition averred that:

"Plaintiff is a corporation organized under the laws of the state of Ohio, with an authorized capital stock of 600 shares of common stock of the par value of $100 each, and 400 shares of

---

* Motion for an order to direct the court of appeals to certify its record overruled by the Supreme Court December 11, 1915.

preferred stock of the value of $100 each; that on or about the 15th day of December, 1910, and at the dates and times hereinafter mentioned, said plaintiff had issued and outstanding of its said capital stock 576 shares of the said common stock and 263 shares of said preferred stock; that on or about said date, in order to provide said corporation with additional money, the stockholders entered into a written agreement between themselves, and with said corporation, for the payment of a voluntary assessment upon the shares of common stock held by each stockholder, and the following is a copy of said agreement, to-wit:

" 'We, the undersigned, being all of the common and preferred stockholders of the Reeves Engineering Co. of Mt. Vernon, Ohio, in consideration of the mutual promises of each other, and of the benefits to accrue to each of us and the Reeves Engineering Co., do hereby agree as follows:

" 'We, the preferred stockholders, hereby agree to excuse and remit in full, receipting therefor, all dividends now accumulated or that shall accumulate prior to Jan. 1st, 1911.

" 'We, the common stockholders, hereby agree to pay to the treasurer of the Reeves Engineering Company $40 per share upon the number of shares set beside our respective names.

" 'Payments to be made as follows: 25% of said amount on or before Dec. 15, 1910; 25% on or before Jan. 15, 1911; 25% on or before Feb. 15, 1911, and the entire balance on or before March 15, 1911.'

"Plaintiff further says that said agreement was signed by the owner and holder of each and all of the issued and outstanding stock of said corporation; that at said time the said defendant, Ed. Dever, was the owner and holder of sixteen shares of the said issued common stock of said corporation, and that on or about said date said defendant, for the consideration therein set forth, did sign his name to said agreement, and did set beside his said name the number sixteen to indicate the number of shares of said stock so owned and held by him.

"Plaintiff further says that said agreement was accepted by the board of directors of said company, and the subscription thereunder called for; that said defendant was duly notified thereof, and requested to make payment to the treasurer of plaintiff of the several installments due thereunder, which said defendant refused and neglected to do, and has ever since refused and neglected to pay the said amount of $40 per share upon the number of shares set beside his name, or any part thereof.

"Plaintiff further says that it has duly performed all the obligations and conditions upon its part to be performed, and there is now due and owing to said plaintiff from said defendant, upon said defendant's agreement hereinabove set forth, the sum of $640, with interest at six per cent. per annum from the first day of August, 1911,"—and prays judgment, etc.

The defendant filed an answer denying all the material allegations of the petition, and specifically averring that notwithstanding he signed said paper writing that it was without consideration moving either to him or the said the Reeves Engineering Company, and that said company did not own the claim upon which suit is brought.

A reply in the nature of a general denial was filed to the answer; the cause was tried to a jury, and a verdict returned for the full amount, with interest, and judgment rendered upon the verdict. The judgment is sought to be reversed for the following reasons:

*First.* That the statutes of Ohio do not authorize a recovery upon such an agreement as the one upon which the suit at bar is based.

*Second.* That the plaintiff below did not own the claim upon which suit was brought.

*Third.* The contract of agreement is not founded upon a good, valid, or sufficient consideration, and is without any consideration to support it.

From an examination of the statutes of Ohio and the record in this case we are fully satisfied that the alleged errors Nos. 1 and 2 are not well taken, and should be overruled, and the same is hereby accordingly done.

The real question presented for the determination of the court appears to us to be: Is the paper writing sued upon a contract in substance and in fact, with a good and sufficient consideration to support it, or is there any consideration for it? If this is answered in the affirmative then the judgment should stand; but if in the negative it must fall. Can it be claimed with any degree of assurance, after an examination of the contract, that the plain language contained therein does not state a considera-

tion? It certainly does not fall for lack of mutuality, and as mutuality is essential to the validity of at least an executory contract, the law certainly presumes an intent to create mutual obligation, except in cases where the expressed agreement will not admit of that interpretation.. From the nature of the agreement, what is the reciprocity between the parties? The plaintiff in error was the owner of sixteen shares of the common stock of the Reeves Engineering Company, and there were many others who owned stock, and also a number who owned preferred stock. The company needed more money to conduct its business, and the preferred stockholders said in the agreement: "We hereby agree to excuse and remit in full, receipting therefor, all dividends now accumulated or that shall accumulate prior to January 1st, 1911." The common stockholders said in the agreement: "We hereby agree to pay to the treasurer of the Reeves Engineering Company $40 per share upon the number of shares set beside our respective names." This was a promise for a promise; and when carried into effect, which was done by all of the stockholders except the plaintiff in error and two others, enhanced the value and increased the assets of the company, and thereby inured to the benefit of all the stockholders, including the plaintiff in error and the company, which was fully intended by the language of the agreement, namely:

"We, the undersigned, being all of the common˗ and preferred stockholders of the Reeves Engineering Company of Mt. Vernon, Ohio, in consideration of the mutual promises of each other, and of the benefits to accrue to each of us and the Reeves Engineering Company, do　＊　＊　＊．"

What were the benefits to be derived? The payment on the contract would and did increase the value and assets of the company. The co-stockholders with plaintiff in error contributed their part, as provided for and agreed to by them in said written agreement, which was all they had agreed to do or could do, and which thereby enhanced and enlarged the assets of the company, which inured to the benefit of the plaintiff in error as well as the company, and which was the ultimate object of the contract. From an examination of the language of the instru-

ment it is apparent that the parties thereto intended to make a contract—a binding obligation—and every line precludes the idea that it was not intended to be binding upon the parties thereto and of full force and effect in law.

We think the doctrine laid down in the case of *Sterling Wrench Company et al* v. *Amstutz,* 50 Ohio State, page 484, first paragraph of the syllabus, is applicable to this case:

"An agreement entered into by solvent shareholders of an embarrassed corporation that they will severally contribute and raise a fund to pay the corporate liabilities, creates a valid obligation; and if the share to be contributed by each is not expressly fixed by the terms of the agreement, each should contribute in the proportion that the number of shares of stock owned by him bears to the shares held by all the contributors."

The record discloses that all of the stockholders except the plaintiff in error and two or three others have paid the several amounts agreed by them to be paid under said contract, and that full performance by all of the contracting parties of their obligations under the contract have been met by them. In the face of this fact and the plain language of the contract, which to our mind is founded upon a good and valuable consideration, is it proper and right under the facts and the law that the plaintiff in error should not be compelled to comply with his agreement and the terms of the contract as entered into by him? We think not. A majority of the court is of the opinion that the judgment below is right and should be affirmed.

Judgment affirmed.

Shields, J., concurs; Powell, J., dissents.